REBECCA S. PARR (6628)
AKIKO KAWAMURA (8568)
Assistant Utah Attorneys General
MARK L. SHURTLEFF (4666)
Utah Attorney General
160 East 300 South, Sixth Floor
P.O. Box 140856
Salt Lake City, Utah 84114-0856
Telephone: (801) 366-0100
E-mail: rparr@utah.gov
         akawamura@utah.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| MARGARET THOMSON-EYRE, M.D.,<br><br>Plaintiff,<br><br>vs.<br><br>MEREDITH ALDEN, individually; et al.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' PARTIAL MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTION TO STRIKE REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' PARTIAL MOTION TO DISMISS**<br><br>Case No. 2:11-CV-00700-DN<br><br>Judge David Nuffer |
|---|---|

This matter came before the Court on (1) Defendants' Partial Motion to Dismiss [Dkt. 36], and (2) Plaintiff's Motion to Strike Reply Memorandum in Support of Defendants' Partial Motion to Dismiss [Dkt. 48]. A hearing on the motions was held on June 20, 2012. At the hearing, Plaintiff Margaret Thomson-Eyre, M.D., was represented by D. Scott Crook. Defendants Lorris Betz, Alan J. Smith, David J. Bjorkman, Donald E. Kohan, Susan Stroud,

David Hadley, Jill Sweeney, Meredith Alden, Jennifer L. Starr, Spencer C. Debry, and Clara T. Michael were represented by Rebecca S. Parr and Akiko Kawamura.

Before the hearing, the Court carefully considered the memoranda and other materials submitted by the parties. During the hearing, the Court heard oral argument from counsel. Being fully advised, the Court issued its rulings from the bench at the close of the hearing. In accordance with those rulings, based upon the briefs and other materials filed by the parties, oral argument, and good cause appearing, the Court hereby enters the following **ORDER**:

1. Plaintiff's Motion to Strike Reply Memorandum in Support of Defendants' Partial Motion to Dismiss, [Dkt. 48], is **DENIED**. The materials attached as exhibits to Defendants' Reply Memorandum in Support of Partial Motion to Dismiss [Dkt. 43] and Plaintiff's Memorandum in Support of Motion to Strike Reply Memorandum in Support of Defendants' Partial Motion to Dismiss [Dkt. 49] are of central importance to Plaintiff's due process claims and neither party disputes their authenticity for purposes of the present motions.[1] Therefore, the Court may and did consider those materials in the context of a Rule 12(b)(6) motion.

2. Defendants' Partial Motion to Dismiss [Dkt. 36] is **GRANTED**. All claims asserted against Defendants in their individual and/or official capacities in Plaintiff's Fourth Cause of Action are **DISMISSED** with prejudice.

Plaintiff acknowledged in her memorandum in opposition to Defendants' Partial Motion to Dismiss and at the hearing through her counsel that University employees in their official

---

[1] Defendants agreed not to dispute the authenticity of the materials attached to Plaintiff's Memorandum Supporting Motion to Strike for purposes of the present motions only.

capacities are not "persons" who can be sued for monetary relief under 42 U.S.C. § 1983.  Thus, any claims for monetary relief against Defendants Bjorkman, Betz, or Smith insofar as they are sued in their official capacities, are dismissed with prejudice.

Plaintiff failed to allege facts establishing that she possessed a property interest in continued participation in the residency program.  Paragraph 7 of the Houseofficer Agreement between Plaintiff and the University of Utah makes it very clear that Plaintiff's residency term was dictated by the Agreement which, by its express terms, was a term appointment for one year from June 24, 2006 through June 30, 2007.  *See* Exhibit "A" to Reply in Support of Defendants' Partial Motion to Dismiss [Dkt. 43-1].  Section 7 of the Agreement provides in pertinent part:

> Terms and termination:
>
> > (a)  The term of this agreement is for one year unless expressly provided otherwise therein.
> > (b)  This agreement does not establish any right or expectancy of an appointment for any subsequent residency year regardless of the number of years generally associated with a particular training program.
> > (c)  Any agreements or representations to the contrary are not valid unless reduced in writing and incorporated as a specific amendment to this agreement.

*Id*.  In light of those express contractual terms, Plaintiff has failed to plead a due process violation with regard to the decision not to renew her Agreement because she had no property interest in continued enrollment in the residency program.

Plaintiff argued that, despite the express language of the Houseofficer Agreement, specific provisions of University of Utah policies, incorporated by reference into the Houseofficer Agreement, created substantive rights such as the right to probation, to refute allegations against her, timeframes, and to committee review.  But all of the policy provisions

Plaintiff points to are procedural in nature.  Such procedural protections do not create an entitlement to continued participation in the residency program.  According to the case of *Kingsford v. Salt Lake City School District*, 247 F.3d 1123, 1129 (10th Cir. 2001), procedural requirements alone do not create property interests protected by the federal Constitution.  Property interests are created only when there are substantive restrictions on an employer's discretion — *e.g.*, "if a statute . . . specifies the grounds on which an employee may be discharged, or restricts the reasons for discharge to 'just cause shown.'" *Id*.  (citing and quoting *Asbill v. Hous. Auth.*, 726 F.2d 1499, 1502 (10th Cir. 1984)).  No such statements are contained in the Houseofficer Agreement or the University policies Plaintiff cites.  *See* Exhibits "A" and "B" to Reply in Support of Defendants' Partial Motion to Dismiss [Dkt. 43-1] and Exhibit A to Plaintiff's Memorandum in Support of Motion to Strike Reply Memorandum in Support of Defendants' Partial Motion to Dismiss [Dkt. 49].

The case of *Elliot v. Martinez*, 675 F.3d 1241 (10th Cir. 2012) is also instructive.  If any procedure could be said to be a substantive restriction, it might be the right to notice.  But the *Elliot* court held that "the requirement that notice be given is not a substantive limitation, but a procedural one." *Id*. at 1246.  "[A]n entitlement to nothing but procedure cannot be the basis for a liberty or property interest." *Id*. at 1245 (quoting *Stein v. Disciplinary Bd. of Sup. Ct. of N.M.*, 520 F.3d 1183, 1192 (10th Cir. 2008)).  All of the items Plaintiff points to are procedural limitations.  None of the procedures regarding dismissal are applicable because Plaintiff was not dismissed from the program, rather, her Houseofficer Agreement was not renewed.  However, even if the dismissal procedures applied, they are all procedural.

The qualified immunity issue is easier to decide.  *Halverson v. University of Utah*, No. 2:06CV228 DAK, 2007 WL 2892633, *11 (D. Utah Sep. 28, 2007), established that there is no clearly established law holding that a medical resident in Plaintiff's position has a property interest in continuing her residency.  Therefore, Defendants are entitled to qualified immunity.

**IT IS SO ORDERED**.

Dated this 4th day of July, 2012.

BY THE COURT:

_____
DAVID NUFFER
U.S. District Court Judge